UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>    Plaintiff,<br><br>v.<br><br>BIUON INC.,<br><br>    Defendant. | Case No. 19-cv-00987-AGT<br><br>**ORDER ON (I) CROSS MOTIONS FOR SUMMARY JUDGMENT (II) MOTION FOR LEAVE TO AMEND THE COMPLAINT**<br><br>Re: Dkt. Nos. 48, 54, 59 |

    The summary-judgment record, as supplemented by oral argument, reveals that Samuel Love's ADA claim is moot. Love identified one—and only one—discriminatory barrier to access in his complaint. He alleged that when he visited the defendant's gas station, he found parking spaces for customers, but none that were wheelchair accessible. Subsequent discovery revealed that the gas station no longer offers *any* public parking, neither for wheelchair- nor non-wheelchair-using customers. Love's own expert admits this. *See* Nnaji Rpt., ECF No. 48-8 at 7 ("There are a total of 0 parking stalls in the parking lot that could be reasonably associated with this facility."). And Love doesn't disagree. He maintains that the gas station offered public parking when he visited but concedes that it no longer does. *See* ECF No. 56, FTR Tr. 01:45 to 03:15.

    ADA regulations don't require businesses to provide wheelchair-accessible parking if they don't offer public parking at all. *See* 36 C.F.R. Pt. 1191, App. B § 208.2. Which means that the current parking set up at the gas station, or rather the lack of one, doesn't violate the ADA. Also, even if the gas station once offered public parking (a point the defendant doesn't concede), Love cannot base his ADA claim on that prior conduct. The ADA permits private plaintiffs to sue only for injunctive relief. *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011). And a "request for injunctive relief remains live only so long as there is some present harm left to

1    enjoin." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 864 (9th Cir. 2017) (simplified); *see*

2    *also Oliver*, 654 F.3d at 905 (explaining that "a defendant's voluntary removal of alleged barriers

3    prior to trial can have the effect of mooting a plaintiff's ADA claim"). Concerning parking, Love

4    hasn't identified a present harm to enjoin.

5        At the summary-judgment hearing, Love insisted that his ADA claim wasn't moot because

6    he still couldn't access the gas station's convenience store. He referred to the gas station and its

7    facilities as an "island of inaccessibility," and he identified other, non-parking-related barriers on

8    the property, including the lack of a wheelchair-accessible route from the street to the convenience

9    store. *See* FTR Tr. 03:55 to 04:15, 13:04 to 13:40. Love cannot base his ADA claim on barriers

10   he didn't identify in his complaint. Precedent is clear on this point. "[A] plaintiff must identify

11   the barriers that constitute the grounds for a claim of discrimination under the ADA in the

12   complaint itself." *Oliver*, 654 F.3d at 909.

13       Love, at the hearing, continued by noting that he did flag the additional barriers,

14   mentioning them in an expert report that he served on the defendant during discovery. *See* FTR

15   Tr. 23:27 to 24:15; *see also* ECF Nos. 39 at 5, 48-8. The problem is that Love didn't amend his

16   complaint to formally include any of these barriers. The defendant, then, "would have had to

17   guess which of the items listed in the expert report were grounds for [Love's] claim." *Oliver*, 654

18   F.3d at 909. *Oliver* addressed the exact same issue; and there, the Ninth Circuit held that on

19   summary judgment the district court properly "refus[ed] to consider the barriers that [the plaintiff]

20   identified only in his expert report." *Id.* For those barriers, notice was inadequate.

21       Sensing the problem, Love has moved for leave to amend his complaint, hoping to add

22   allegations about the barriers his expert identified. *See* ECF No. 59. The case deadline to amend

23   the complaint passed last June. *See* ECF No. 42. When, as here, a pretrial scheduling order

24   established a deadline for amending the pleadings, and that deadline has expired, the plaintiff must

25   demonstrate that he missed the deadline despite diligent efforts to comply with it. *See Coleman v.*

26   *Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000). Love hasn't met this burden. His

27   expert completed a site inspection three months before the deadline to amend, *see* ECF No. 48-8 at

28   14, but the deadline came and went without Love taking action. He "concedes undue delay." ECF

No. 59-1 at 5. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief" to file a "belated motion to amend." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also Coleman*, 232 F.3d at 1295 ("Because [plaintiffs] have failed to show diligence, the inquiry should end.") (simplified). Love's untimely request for leave to amend is denied.

As parking is no longer at issue and no other barriers were timely identified, no relief under the ADA is available for Love. The Court accordingly grants the defendant's—and denies Love's—motion for summary judgment. Having dismissed the only federal claim prior to trial, the Court declines to exercise supplemental jurisdiction over the remaining state-law claim. *See* 28 U.S.C. § 1367(c)(3).

**IT IS SO ORDERED.**

Dated: March 5, 2021

ALEX G. TSE
United States Magistrate Judge