UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>    Plaintiff,<br><br>v.<br><br>BIUON INC.,<br><br>    Defendant. | Case No. 19-cv-00987-AGT<br><br>**ORDER DENYING MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 64 |

Defendant filed a motion for attorneys' fees 31 days after the Court entered judgment. The motion was late; the local rules specify that motions for attorneys' fees "must be served and filed within 14 days of entry of judgment." Civil L.R. 54-5(a). Confronting this fact in reply, defendant pivots and asserts that its motion should be construed as a motion for sanctions. Doing so doesn't help. As with motions for attorneys' fees, the local rules specify that "no motion for sanctions may be served and filed more than 14 days after entry of judgment." Civil L.R. 7-8(d).[1]

Defendant suggests that if styled as a motion for sanctions, its motion is timely under Rule 54 of the Federal Rules of Civil Procedure. Rule 54, it is true, doesn't set a time limit by which parties must file post-judgment motions for sanctions. *See* Fed. R. Civ. P. 54(d)(2)(E). But Rule 54 doesn't suggest that district courts can't impose their own time limits on such motions. They can, *see* Fed. R. Civ. P. 83 (authorizing local rules governing practice), and the Northern District of California has done so. Defendant's motion, whether styled as a motion for attorneys' fees or a motion for sanctions, is untimely. Defendant hasn't demonstrated good cause for its late filing, so its motion is denied.

**IT IS SO ORDERED.**

Dated: May 10, 2021

ALEX G. TSE
United States Magistrate Judge

---

[1] The local rules contemplate that parties may seek extensions of these deadlines, but defendant didn't timely do so here.